## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHISN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JARBOS LEWIS,

      PLAINTIFF,

v.                              CIVIL ACTION NO.:

WAYNE-DALTON PENSACOLA
a division of , OVERHEAD DOOR
CORPORATION,

      DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Jarbos Lewis, (hereinafter referred to as the "Plaintiff" or "Lewis"), by and through his undersigned attorney, sues the Defendant, Wayne-Dalton Pensacola, a division of Overhead Door Corporation, (hereinafter referred to as the "Defendant" or "ODC"), and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this action for disability discrimination under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes and Workers' Compensation Law. FLA. STAT. § 440.205.

### JURISDICTION AND VENUE

1

2.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.     Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.     Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6.     Plaintiff has complied with all conditions precedent to the filing of this suit.

7.     On or about May 22, 2018, the FCHR [No.: 201809914] received Plaintiff's dual filed a charge of discrimination [FCHR No.: 201809914; EEOC No.: 15D201800697] with the Florida Commission on Human Relations from the EEOC for investigation. On January 23, 2019, over 246 days after the charge was processed by the FHCR, Plaintiff received a determination. On May 3, 2019, the EEOC mailed Plaintiff's Notice of Right to Sue thereby notifying him of his right to institute a civil action under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.,S.C. 2000e, et seq., against the Defendant within 90 days of receipt thereof.

PARTIES

8.    Plaintiff is an African American male who resides in Pensacola, Florida.  He was employed by the Defendant from September 11, 2017 until the involuntary termination of his employment on January 9, 2018.

9.    Defendant, Wayne-Dalton Pensacola, A Division of Overhead Doors, is located in Pensacola, Florida. Defendant employs more than 15 employees and is an employer within the meaning of ADA, FPSWBA and FWCA.

FACTS

10.    Plaintiff is a 51 year old African American  male.

11.    Plaintiff was employed by Defendant, Wayne-Dalton Pensacoka, A Division of Overhead Corp. ("Wayne Dalton"), from September 2017, as an assembly line worker and remained employed until Plaintiff was terminated on January 09, 2018.

12.    On December 18, 2017, Plaintiff injured his elbow while working on the assembly line.

13.    Shortly afterwards, Plaintiff informed his supervisors and the company nurse (Ms. Boien) of his work related injury.

14.     After examining his arm and elbow, Ms. Boien informed Plaintiff that there was nothing wrong with his arm and she gave him some ibuprofen and told him to return to the line and keep working.

15.     For the next two weeks there was no progress in the recovery of the injury to Plaintiff's elbow.

16.     During these two weeks, Plaintiff continued to complain to his supervisor and the company nurse, but was denied any reasonable accommodation to help elevate the stress being placed on his elbow and was continually told that he would have to just have to deal with the pain.

17.     About a week and a half after Plaintiff reported the injury to his supervisor and company nurse, he was in so much pain that he went to the ER.

18.     Plaintiff was told by the ER doctor that he had a torn ligament in his elbow and to take a couple of days off to rest it and follow-up with an orthopedic specialist.

19.     After receiving the doctor's report, Plaintiff went to Ms. Boien to give her the update on his elbow and initial diagnosis and a copy of the doctor's orders.

20.     Ms. Boien that said that she did not want Plaintiff working due to the medications he was prescribed by the ER doctor.

21.     Ms. Boien then met with Plaintiff's supervisors and told him that they would be in contact with him in the next two days.

4

22.     After not hearing back from Ms. Boein, Plaintiff decided to reach out to her about his accommodation and other paperwork.

23.     It was at this time that Ms. Boein informed Plaintiff that he was being terminated.

24.     There was never any prior mention of Plaintiff's injury related absences being assessed points from Ms. Boien or any of Plaintiff's supervisor.

25.     Plaintiff was just trying to take the doctor's report to Ms. Boien so Plaintiff could return to his employment with Defendant.

26.     Defendant knew of Plaintiff's medical condition and refused to discuss any type of accommodation or acknowledge that his elbow injury was work related.

27.      Plaintiff had a torn ligament in his elbow and was limited in his ability to bend and move his elbow and with lifting things with that arm. But Plaintiff still did his job to the best of his ability under the constant threat of termination.

28.     Defendant has had knowledge of Plaintiff's injury since December 18, 2017, when he informed Defendant that he suffered from an injury to his elbow.

29.     Both Plaintiff's supervisor and the company nurse were aware of his disability.

30.     Plaintiff is a qualified individual with a disability:

(a) he has a physical impairment that substantially limits one or more major life activities:  he suffers from suffers from an torn ligament in his elbow from a work related injury;

(b) Plaintiff is under doctor's care for treatment of his physical disabilities.

(c)  he has a record of such impairment; and,

(d)  he was regarded by his employer as having impairments.

31.    Plaintiff's disabilities substantially affect the major life activities of sleeping, concentration and mobility.

32.    Plaintiff had the ability to perform the essential functions of his position with or without a reasonable accommodation at the time of his request for accommodation.

33.    Defendant knew of Plaintiff's medical condition and refused to discuss any type of accommodation.

34.    Defendant acquired more than sufficient knowledge that Plaintiff's absences were related to his work related injury and terminated his employment within 22 days of his injury.

<u>FIRST CAUSE OF ACTION</u>
(ADA-Disability Discrimination)

35.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set

forth herein.

36.    This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

37.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

38.    At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

39.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

40.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities

Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

41.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

42.   As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

43.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

44.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

<u>SECOND CAUSE OF ACTION</u>
(ADA-Disability Discrimination – Retaliation)

8

45.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set forth herein.

46.     This is an action to remedy retaliation by the Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

47.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

48.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

49.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

50.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities

Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

51.   As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory actions that lead to his discharge from Defendant's employment.

52.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

53.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

54.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## THIRD CAUSE OF ACTION
*(Florida Civil Rights Acts – Disability Discrimination)*

10

55.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set forth herein.

56.     Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

57.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

58.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

59.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

60.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

61.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

62.    As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

63.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

64.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FOURTH CAUSE OF ACTION
### (*Florida Civil Rights Acts– Retaliation*)

65.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set forth herein.

66.     This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

67.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

68.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

69.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

70.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly

constituted a prohibited employment practice, contrary to the public policy of the ADAA.

71.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory actions that lead to his discharge from Defendant's employment.

72.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

73.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

74.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

FIFTH CAUSE OF ACTION
(*FLA. STAT. § 440.205 Florida Workers' Compensation Retaliation Claim*)

75.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 34 of this complaint with the same force and effect as if set forth herein.

*76.*     Defendant's conduct and commissions constitutes intentional discrimination and unlawful employment practices based upon Workers' Compensation Law. FLA. STAT. § 440.205.

77.     Defendant's acts were with malice and with reckless disregard for Plaintiff's statutorily protected rights.

78.     This is an action to remedy retaliation on the basis of Plaintiff's engaging in protective activity of informing Defendant of his December 18, 2017, work related injury and seeking workers compensation benefits in the terms, conditions, and privileges of his employment with Defendant in violation of the Workers' Compensation Law. FLA. STAT. § 440.205.

79.     Any possible assertion that there was a viable business justification for the Plaintiff's demotion, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity.

80.      The adverse personnel action, Plaintiff's termination, clearly violated Plaintiff's right under the Workers' Compensation Law. FLA. STAT. § 440.205 and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

15

81.    As a result of the Defendant's violations of the Workers' Compensation Law. FLA. STAT. § 440.205, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

82.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment on January 9, 2018, within 22 days of reporting the injury, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)    Declaring the acts and practices complained of herein are violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

b)      Enjoining and permanently restraining those violations of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

e)      Awarding Plaintiff liquidated damages;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees;

h)      Granting such other and further relief as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: July 7, 2019.          By: */s/ Clayton M. Connors*
                              CLAYTON M. CONNORS
                              Florida Bar No.: 0095553
                              Email: cmc@westconlaw.com
                              R. JOHN WESTBERRY
                              Florida Bar No.: 244661
                              Email: rjw@westconlaw.com
                              **WESTBERRY & CONNORS, LLC.**
                              4400 Bayou Blvd., Suite 32A
                              Pensacola, Florida 32503
                              Tel:  (850) 473-0401
                              Fax: (850) 473-1388
                              Attorney for Plaintiff